UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE ANNUITY, PENSION, WELFARE and APPRENTICESHIP
SKILL IMPROVEMENT AND SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO by its           **AFFIDAVIT IN**
TRUSTEES EDWARD KELLY, JEFFREY LOUGHLIN,                     **SUPPORT OF**
PETER PATERNO, ROSS PEPE, NICHOLAS SIGNORELLI and            **DEFAULT JUDGMENT**
NICHOLAS SIGNORELLI, JR., and JOHN and JANE DOE,
as Beneficiaries of the ANNUITY, PENSION, WELFARE and        07-CIV-3698 (WCC)
APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 137, 137A, 137B, 137C & 137R,
AFL-CIO,

                          Plaintiffs,

-against-

DANIEL A. BUDD EXCAVATING & CONTRACTING, LLC
and BUDD BROTHERS CONSTRUCTION, INC.,

                          Defendants.
------------------------------------------------------------------X

       JAMES M. STEINBERG, being duly sworn, deposes and says:

       1.     I am a member of the law firm of BRADY McGUIRE & STEINBERG, P.C., attorneys for the Plaintiffs in the above-entitled action and am fully familiar with all the facts and circumstances of this action.

       2.     I make this affidavit pursuant to Rules 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York in support of the Plaintiffs' application for the entry of a default judgment against Defendants DANIEL A. BUDD EXCAVATING & CONTRACTING, LLC and BUDD BROTHERS CONSTRUCTION, INC.

       3.     This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") to recover delinquent fringe benefit

contributions owed to the ANNUITY, PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS of the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO (the "LOCAL 137 FRINGE BENEFIT FUNDS").

and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

5. This action was commenced on May 10, 2007 by the filing of the Summons and Complaint. A copy of the Summons and Complaint was personally served on Defendants DANIEL A. BUDD EXCAVATING & CONTRACTING, LLC and BUDD BROTHERS CONSTRUCTION, INC. on June 19, 2007, by a Process Server who personally served Carol Vogt an Authorized Agent in the Office of the New York State Secretary of State and a person of suitable age and discretion. Proofs of said service were filed with the court on June 26, 2007 *via* the ECF System. (A copy of the Summons and Complaint, along with the Proofs of Service is annexed hereto as Exhibit "A".)

6. Plaintiffs are entitled to damages as follows:

   (a) $21,611.86 in delinquent contributions due and owing to the LOCAL 137 FRINGE BENEFIT FUNDS in accordance with ERISA, 29 U.S.C. Section 1132(g)(2)(A) owed for the period of May 1, 2006 through December 31, 2006;

   (b) $1,080.60 in interest on the principal sum of $21,611.86 calculated at the rate of 10% per year, running from January 1, 2007 through June 30, 2007 in accordance with ERISA, 29 U.S.C. Section 1132(g)(2)(B) which prescribes that interest shall accrue at the rate provided for under the Plans, of if none, the rate prescribed under Section 6621 of the Internal Revenue Code;

(c) $4,322.37 in liquidated damages on the principal sum of $21,611.86 calculated at the rate of 20% in accordance with ERISA, 29 U.S.C. Section 1132(g)(2)(C)(ii);

(d) $1,150.00 in attorneys' fees in accordance with ERISA, 29 U.S.C. Section 1132(g)(2)(D); and

(e) $615.00 in costs and disbursements in accordance with ERISA, 29 U.S.C. Section 1132(g)(2)(D).

Amounting in all to $28,779.83, as shown by the annexed Statement of Damages, which is justly due and owing, and no part of which has been paid except as therein set forth.

7. The disbursements sought to be taxed have been made in this action or will necessarily be made incurred herein.

8. The 20% liquidated damages are authorized by ERISA, 29 U.S.C. Section 1132(g)(2)(C)(ii) and attorneys' fees are authorized by ERISA, 29 U.S.C. Section 1132(g)(2)(D).

9. The sum of $1,150.00 represents my law firm's charges to the client, the LOCAL 137 FRINGE BENEFIT FUNDS, for legal services in connection with this litigation. My services are billed at $200.00 per hour.

10. On daily time sheets I detail the specific services I perform on behalf of the client which includes: the date of an activity; the specific activity or activities engaged in; my initials identifying that I performed the work; and the amount of time expended. This information is thereafter maintained by the law firm in its permanent records and transferred to monthly billing invoices sent to the client. (Annexed hereto as Exhibit "B" is a synopsis of the legal services performed on behalf of this client).

11. I have reviewed Exhibit "B" and it accurately reflects the expenditure of my time in this case. In fact, the total number of hours expended by me on behalf of the Plaintiffs is

recorded on Exhibit "B" for which compensation is sought as follows: James M. Steinberg ("JMS")—5.75 hours.

12. A lodestar amount, if calculated by multiplying the number of hours reasonably expended by the aforementioned hourly rate, would result in a fee as follows: James M. Steinberg, 5.75 hours *times* $200.00 = $1,150.00.

13. I hereby submit that the services for which I seek compensation were reasonable and necessary under the circumstances. I further submit that these attorneys' fees may be awarded by the Court in the sound exercise of its discretion in light of the following factors:

   (a) The fact that attorneys' fees may be awarded pursuant to ERISA, 29 U.S.C. Section 1132(g)(2)(D);

   (b) The Defendants' clear and inexcusable culpability in this matter;

   (c) The amount to be paid in attorneys' fees is reasonable;

   (d) The fact that it would be grossly inequitable to require the Plaintiffs to absorb the cost of Defendants' clear and intentional disregard of its contractual and legal responsibilities; and

   (e) The fact that an award of attorneys' fees will underline the seriousness of offenses against ERISA Funds and prove a deterrent to delinquencies on the part of this and other employers in the future.

14. The relief sought herein has not previously been requested.

**WHEREFORE**, the Plaintiffs request the entry of Default and the entry of the annexed Judgment against Defendants DANIEL A. BUDD EXCAVATING & CONTRACTING, LLC and BUDD BROTHERS CONSTRUCTION, INC.

JAMES M. STEINBERG (JS-3515)

Sworn to before me this
9th day of July, 2007

Notary Public

Matthew G. McGuire
Notary Public, State of New York
No. 02MC5085290
Qualified in Rockland County
Commission Expires July 26, 20 09